LESSEE OF FIELDING LOWRY *v.* JAMES STEELE AND HORATIO G. PHILLIPS.

*Feme sole*, in contemplation of marriage, grants a term of seventy-five years of her real estate to a trustee, in trust for her own use during the contemplated coverture. The marriage takes effect and she has issue, but dies before her husband. He is entitled as tenant in courtesy.

THIS was an ejectment adjourned here for decision from the county of Hamilton. It was an agreed case, and the following are the material facts:

On January 14, 1822, Sophia Cooper was seized and possessed, in fee, as tenant in common, with Maria Grimes and others, of the premises in question, on which day, being of the age of thirty years, and *sole*, she made and delivered to James Steele, one of the above defendants, an instrument, a copy of which is submitted as a part of the case. The agreement so far as relates to this controversy, after reciting that Sophia Cooper was heir at law of Mrs. Zeigler, and that she held in-lots, etc., and that she contemplated a marriage with Fielding Lowry, sr., and in order that she might enjoy and have said lands, and the profits thereof for her sole and separate use, and that the same might not be subject to the control, debts, or engagements of her said intended husband, "for the consideration of one dollar, she grants, etc., to James Steele in trust, for and during the term of seventy-five years, without impediment of waste; that the said Steele shall every year during said term pay and deliver all the proceeds, rents, etc., unto such person, *and for such intents, as the [171 said Sophia Cooper shall appoint, and, in default of such appointment, then to be paid into her own hand, for her sole and separate use, etc.; and upon further trust, that Steele should transfer the premises, or any part, to such person as the said Sophia, by her writing and will shall appoint, and in default of such appointment then to the heirs of said Sophia. The term to cease upon the death of said Sophia or her intended husband." On the 23d of January, in the same year, the said Sophia was lawfully married to said Lowry. After the marriage, partition was made between the tenants in common, and the premises in question set off to said Sophia, as by the record of partition appears, a copy of which is also made a part of the case. After the partition, Lowry, in right of his wife, received the rents, etc., until her death, which took place in May, 1825. The lease, entry, ouster, and possession by the defendants are admitted. Mrs. Lowry died without appointment, leaving a son, issue of the marriage, and leaving other children by a former marriage, who claimed as heirs at law.

The only question submitted was, whether Lowry was entitled to possession as tenant by the courtesy.

CASWELL and STARR, for plaintiff.

HAMMOND and GARRARD, for defendants.

By the COURT:

To entitle Lowry to courtesy, the only requisite of which there can be any doubt is, whether he was seized during the coverture? Steele was vested in trust with an estate for seventy-five years. He was not seized of the freehold; and having but an estate for years when he entered, he was not properly possessed of the land but of the term, the possession or seizin of the land still remaining in Sophia Cooper. Woodfall's Land. and Ten. 172; 2 Black. Com. 144; 1 Cruise, D, 64, 161. And this is not considered a seizin in law, but a constructive seizin in deed. 8 Cranch, 245. It is therefore said (Hargrave's notes to Co. Lit. 29, a) if land is in lease for years, courtesy may be without entry, or 172] even receipt of rents, *the possession of the lease for years being deemed the possession of the husband and wife. The case of De Grey et al. v. Richardson et al., 3 Atk. 436, was not unlike the present. During the coverture of Alice Sewell lands descended to her, as heir in tail general, under a settlement, and when they descended were in the possession, and so remained during her life, of tenants under leases. It was decided by Lord Hardwicke that there was such a possession of Alice Sewell as entitled her husband to courtesy. The law appears to be with the plaintiff, and there must be judgment for him.